# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

SHAWN RAMONE BOWENS, )
                               )
      Plaintiff, )
                               )
v. )     Case No. CV409-027
                               )
SHERIFF AL ST. LAWRENCE, )
CHATHAM COUNTY SHERIFF'S )
DEPARTMENT, )
                               )
      Defendant. )

## REPORT AND RECOMMENDATION

Shawn Ramone Bowens, who is currently detained while under criminal prosecution in state court, *see Georgia v. Bowens,* CR090377 (Chatham County Super. Ct. filed Feb. 18, 2009), has been granted leave by this Court to proceed *in forma pauperis* (IFP) in his 42 U.S.C. § 1983 case against the Chatham County Sheriff's Department.[1]  Doc. 3.  Bowens

---

[1] The Sheriff's Department is an entity that cannot be sued under 42 U.S.C. § 1983. *See Dempsey v. Elmore*, 2008 WL 4491475 at * 5 (S.D.Ga. Oct. 3, 2008) (unpublished). The substance of plaintiff's complaint reveals that at most he brings a habeas action, which means that his current custodian (the sheriff) is the proper party. *See Rumsfield v. Padilla*, 542 U.S. 426, 435-36 ("the proper respondent to a federal habeas petition is 'the person who has custody over [the petitioner]'"); *see also* Rule 2(b), Rules Governing 28 U.S.C. § 2254 Cases. . Accordingly, the Court has named Sheriff Al St. Lawrence as the real party in interest. In that regard, the Court takes judicial notice of the fact that Al St. Lawrence is the current sheriff of Chatham County, Georgia. *See* http://www.chathamsheriff.org/sheriff.htm (site as of Mar. 16, 2009). He is also, for that

complains that he is being detained and prosecuted pursuant to a defective warrant signed by a judge who lacked authority to issue the warrant. Doc. 1 at 5. He reasons that

> the warrant is invalid pursuant to the date that the warrant states the incident happened, pursuant to the date that the warrant was signed, and also the warrant has never been signed by a Superior Court or Magistrate Court Judge, which makes the warrant invalid. Also as you can see on the warrant, someone scratched off "October" and replaced it with "November 18th", without any initial verifying who made the change. I was accused of hitting someone with an iron pipe causing a "skill fracture!" If possible, I would like for you to explain to me what a skill fracture is. The warrant is invalid. I was arrested unlawfully. I've been incarcerated since December 19, 2008, unlawfully.

*Id.* (footnote added). On the "relief" section of the form complaint plaintiff seeks no money damages: "What I want the court to do for me, simply drop all charges against me, and discharge me from Chatham County jail." *Id.* at 6.

A prisoner or detainee[2] proceeding in a civil action against officers or employees of government entities must comply with the mandates of the

_____

matter, the supervisory official responsible for the overall management of the county's jail system. http://www.chathamsheriff.org/correctionstruct.htm (site as of Mar. 16, 2009).

[2] *See* 28 U.S.C. § 1915(h), which subjects detained arrestees like Bowens to the PLRA.

Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915 & 1915A. Section 1915A requires a district court to screen the complaint for cognizable claims as soon as possible after docketing. The court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

In all cases, of course, substance must govern over nomenclature. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . They may do so in order to avoid an unnecessary dismissal"); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 164 (1984). By seeking the dismissal of his state charges and his immediate release from custody, Bowens advances no cognizable § 1983 claim but instead is asserting a 28 U.S.C. § 2241[3] federal habeas claim. *Preiser v.*

---

[3] 28 U.S.C. § 2241 provides a federal habeas remedy to a state pretrial detainee who contends that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). While

*Rodriguez*, 411 U.S. 475, 499 n. 14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus"). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). As the Eleventh Circuit has held, the federal habeas statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

Since Bowen's claim challenges the legality of his confinement, it

---

§ 2241 does not contain an exhaustion requirement similar to that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*. 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

falls within the "core" of habeas corpus and thus may not be bought under § 1983. *Wilkinson*, 544 U.S. at 79; *Nelson*, 541 U.S. at 643. But before Bowens can pursue federal habeas relief, he must first exhaust his state remedies. Here, the public record shows that there exists a state criminal proceeding against Bowens. If he believes that his current pretrial detention is unlawful, he has an available state remedy, for Georgia law recognizes the right of a person "restrained under any pretext whatsoever . . . [to] seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Bowens also has the option of going to trial in the state criminal case and then directly appealing any conviction. Thus, he has available state remedies that he must exploit before seeking *federal* habeas relief here. *See Fields v. Tankersley*, 487 F. Supp. 1389 (S.D. Ga. 1980) (federal court could not consider challenge to state court's denial of bail until petitioner first exhausted his state habeas remedies); *D'Angelo v. Taylor*, 2008 WL 3861893 at * 2 (S.D.Ga. Aug 18, 2008) (unpublished); *Morgan v. St. Lawrence*, 2007 WL 1812630 at * 2 (S.D. Ga. June 19, 2007) (unpublished).

Accordingly, the Court should recharacterize Shawn Ramone

5

Bowens's 42 U.S.C. § 1983 complaint as a 28 U.S.C. § 2241 federal habeas petition and then **DISMISS** it **WITHOUT PREJUDICE** for lack of exhaustion.

**SO REPORTED AND RECOMMENDED,** this <u>16th</u> day of March, 2009.

_SOSmith_

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA